# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
------------------------------------ X
                                     :
JEFFREY ROBINSON,                    :
                                     :
            Plaintiff,               :
                                     :
       v.                            :     Civil Action No.:  08-CV-5113 (ECR)
                                     :
                                     :
PFPC, INC. (a wholly-owned subsidiary of  :
PNC Financial Services Group, Inc.)  :
                                     :
            Defendant.               :
------------------------------------ X
```

## DEFENDANT'S ANSWER TO THE AMENDED COMPLAINT

Defendant PNC Global Investment Servicing Inc. ("Defendant" or "PNCGIS") (incorrectly named in the Amended Complaint as "PFPC, Inc.") responds to the Amended Complaint of Plaintiff Jeffrey Robinson ("Plaintiff" or "Robinson") as follows:

### I.  INTRODUCTION

1.      Plaintiff sets forth conclusions of law in paragraph 1 of the Amended Complaint to which no response is required by Defendant.   To the extent a response is required, Defendant admits that the Amended Complaint purports to assert claims for gender discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act ("PHRA").  Defendant further admits that it discharged Plaintiff after he admitted to creating a falsified document and it determined that he lied during an internal investigation.  Defendant denies the remaining allegations in paragraph 1 of the Amended Complaint.

### II.  PARTIES

2.      Defendant admits that Plaintiff is an adult male and that he is a citizen of the

United States.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 of the Amended Complaint and, therefore, denies them.

3.      Defendant admits the allegations in paragraph 3 of the Amended Complaint.

4.      Defendant admits the allegations in paragraph 4 of the Amended Complaint, which was incorrectly numbered as paragraph 3.

5.      Defendant admits the allegations in paragraph 5 of the Amended Complaint, which was incorrectly numbered as paragraph 4.

6.      In paragraph 6 of the Amended Complaint, which was incorrectly numbered as paragraph 5, Plaintiff sets forth conclusions of law to which no response is required by Defendant.   To the extent a response is required, Defendant denies that there were any "illegal and discriminatory acts and omissions" as alleged in the Amended Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 of the Amended Complaint and, therefore, denies them.

### III.      JURISDICTION AND VENUE

7.      In paragraph 7 of the Amended Complaint, which was incorrectly numbered as paragraph 6, Plaintiff sets forth conclusions of law to which no response is required by Defendant.   To the extent a response is required, Defendant admits that the Amended Complaint purports to assert claims under Title VII and the PHRA.  Defendant denies there is any validity to these claims and any remaining allegations in paragraph 7 of the Amended Complaint.

8.      In paragraph 8 of the Amended Complaint, which was incorrectly numbered as paragraph 7, Plaintiff sets forth conclusions of law to which no response is required by

Defendant.    To the extent a response is required, Defendant admits that it is subject to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

9.    In paragraph 9 of the Amended Complaint, which was incorrectly numbered as paragraph 8, Plaintiff sets forth conclusions of law to which no response is required by Defendant.    To the extent a response is required, Defendant admits that the United States District Court for the Eastern District of Pennsylvania has subject matter jurisdiction over this action.

10.    In paragraph 10 of the Amended Complaint, which was incorrectly numbered as paragraph 9, Plaintiff sets forth conclusions of law to which no response is required by Defendant.  To the extent a response is required, Defendant admits that the United States District Court for the Eastern District of Pennsylvania is the proper venue for this action.  Defendant denies that there were any "acts and/or omissions giving rise to the claims" in the Amended Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the Amended Complaint and, therefore, denies them.

## IV.    PROCEDURAL AND ADMINISTRATIVE REQUIREMENTS

11.    Defendant repeats and incorporates by reference its responses to paragraphs 1 through 10 of the Amended Complaint.

12.    In paragraph 12 of the Amended Complaint, which was incorrectly numbered as paragraph 11, Plaintiff sets forth conclusions of law to which no response is required by Defendant.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and, therefore, denies them.

a.     In paragraph 12.a. of the Amended Complaint, which was incorrectly numbered as paragraph 11.a., Plaintiff sets forth conclusions of law to which no response is required by Defendant.  To the extent a response is required, Defendant admits that on April 24, 2007 Plaintiff filed a Charge of Discrimination ("Charge") with the Philadelphia District Office for the Equal Employment Opportunity Commission ("EEOC") and that the charge number for Plaintiff's Charge was 530-2006-02849.

b.     Defendant admits the allegations in paragraph 12.b. of the Amended Complaint, which was incorrectly numbered as paragraph 11.b.

c.     In paragraph 12.c. of the Amended Complaint, which was incorrectly numbered as paragraph 11.c., Plaintiff sets forth conclusions of law to which no response is required by Defendant.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.c. and, therefore, denies them.

d.     Defendant denies the allegations in paragraph 12.d. of the Amended Complaint, which was incorrectly numbered as paragraph 11.d.

e.     In paragraph 12.e. of the Amended Complaint, which was incorrectly numbered as paragraph 11.e., Plaintiff sets forth conclusions of law to which no response is required by Defendant.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.e. and, therefore, denies them.

## V.     FACTUAL BACKGROUND

13.     Defendant repeats and incorporates by reference its responses to paragraphs 1 through 12 of the Amended Complaint.

14.     Defendant admits the allegations in paragraph 14 of the Amended Complaint, which was incorrectly numbered as paragraph 13, except to state that August 2, 2006 is the effective date of Plaintiff's termination of employment from Defendant.

15.     Defendant admits that Plaintiff worked in the Integrated Business Transaction Department for approximately 20 years.   Defendant denies the remaining allegations in paragraph 15 of the Amended Complaint, which was incorrectly numbered as paragraph 14.

16.     Defendant admits the allegations in paragraph 16 of the Amended Complaint, which was incorrectly numbered as paragraph 15.

17.     Defendant admits that Plaintiff falsified documents, that Diane Simpson ("Simpson") was his immediate supervisor, and that Helen Douglas Givens ("Douglas Givens") was Simpson's manager.  Defendant further admits that Simpson and Douglas Givens are both females and that Douglas Givens is an Assistant Vice President.  Defendant denies the remaining allegations in paragraph 17 of the Amended Complaint, which was incorrectly numbered as paragraph 16.

18.     Defendant admits the allegations in paragraph 18 of the Amended Complaint, which was incorrectly numbered as paragraph 17, except to add that during the audit Plaintiff and others were directed to collect various documents for the auditors and that he was not solely assigned to look for missing documents.

19.     Defendant denies the allegations in paragraph 19 of the Amended Complaint, which was incorrectly numbered as paragraph 18.

20.     Defendant denies Defendant denies the allegation in paragraph 20 of the Amended Complaint, which was incorrectly numbered as paragraph 19.

21.     Defendant denies the allegation in paragraph 21 of the Amended Complaint, which was incorrectly numbered as paragraph 20.

22.     Defendant denies the allegation in paragraph 22 of the Amended Complaint, which was incorrectly numbered as paragraph 21.

23.     Defendant denies the allegation in paragraph 23 of the Amended Complaint, which was incorrectly numbered as paragraph 22.

24.     Defendant denies the allegation in paragraph 24 of the Amended Complaint, which was incorrectly numbered as paragraph 23.

25.     Defendant admits the allegations in paragraph 25 of the Amended Complaint, which was incorrectly numbered as paragraph 24, except to state that Douglas Givens internally reported the incident and caused the matter to be investigated.

26.     Defendant admits that Plaintiff admitted to falsifying documents and that he claims he did so at the instruction of Douglas Givens and in the presence of Simpson. Defendant denies the validity of this claim and the remaining allegations in paragraph 26 of the Amended Complaint, which was incorrectly numbered as paragraph 25.

27.     Defendant admits that Valerie Walton Singer ("Walton Singer") is a female and that she informed Plaintiff of his employment termination. Defendant denies the remaining allegations in paragraph 27 of the Amended Complaint, which was incorrectly numbered as paragraph 26.

28.     Defendant admits that it did not discharge Douglas Givens. Defendant denies the remaining allegations in paragraph 28 of the Amended Complaint, which was incorrectly numbered as paragraph 27.

29.     Defendant admits that it discharged Simpson for failing to report Plaintiff's falsifying of documents and not for instructing him to falsify the documents, which he did on his own initiative.  Defendant denies the remaining allegations in paragraph 29 of the Amended Complaint, which was incorrectly numbered as paragraph 28.

## FIRST CAUSE OF ACTION
## <u>VIOLATIONS OF TITLE VII</u>

30.     Defendant repeats and incorporates by reference its responses to paragraphs 1 through 29 of the Amended Complaint.

31.     In paragraph 31 of the Amended Complaint, which was incorrectly numbered as paragraph 30, Plaintiff sets forth conclusions of law to which no response is required by Defendant.  To the extent a response is required, Defendant denies the allegations in paragraph 31 of the Amended Complaint.

32.     In paragraph 32 of the Amended Complaint, which was incorrectly numbered as paragraph 31, Plaintiff sets forth conclusions of law to which no response is required by Defendant.  To the extent a response is required, Defendant denies the allegations in paragraph 32 of the Amended Complaint.

33.     In paragraph 33 of the Amended Complaint, which was incorrectly numbered as paragraph 32, Plaintiff sets forth conclusions of law to which no response is required by Defendant.  To the extent a response is required, Defendant denies the allegations in paragraph 33 of the Amended Complaint.

## SECOND CAUSE OF ACTION
## <u>VIOLATIONS OF THE PENNSYLVANIA HUMAN RELATIONS ACT</u>

34.     Defendant repeats and incorporates by reference its responses to paragraphs 1 through 32 of the Amended Complaint.

35.    In paragraph 34 of the Amended Complaint, which was incorrectly numbered as paragraph 33, Plaintiff sets forth conclusions of law to which no response is required by Defendant.  To the extent a response is required, Defendant denies the allegations in paragraph 34 of the Amended Complaint.

To the extent the prayer for relief is deemed to contain allegations, Defendant denies each and every one of them.  Defendant specifically denies that Plaintiff is entitled to declaratory, equitable and injunctive relief, reinstatement, compensatory damages (including but not limited to back pay, lost benefits, and front pay), punitive damages, liquidated damages, interest, attorneys' fees and costs, and any other form of relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant is informed and believes and on that basis alleges that Plaintiff's claims for damages are barred or reduced by his failure to mitigate his alleged damages.

### THIRD DEFENSE

Plaintiff's claims are barred from recovery by way of estoppel, laches, waiver, statute of limitations, and/or unclean hands.

### FOURTH DEFENSE

Plaintiff's claims are barred because Defendant relied upon legitimate, non-discriminatory factors in making its decisions regarding his employment.

## FIFTH DEFENSE

Plaintiff's claims for punitive damages are barred because Defendant acted, at all times, in good faith to comply with applicable anti-discrimination laws.

## SIXTH DEFENSE

Defendant acted at all times in good faith and reasonably believed that its actions involving Plaintiff did not violate any law.

## SEVENTH DEFENSE

During Plaintiff's employment, Defendant maintained an effective anti-discrimination policy and internal complaint procedure, which he unreasonably failed to utilize.

## EIGHTH DEFENSE

Insofar as Plaintiff alleges claims for emotional and psychological distress, including claims for recovery of medical expenses, these claims are barred by the exclusive remedy provision of Pennsylvania's Worker's Compensation Act.

## NINTH DEFENSE

To the extent that it seeks excessive punitive damages, the Amended Complaint violates Defendant's rights to procedural and substantive due process under the Fourteenth Amendment to the U.S. Constitution and under the Constitution of Pennsylvania.

## TENTH DEFENSE

Plaintiff's claims are diminished in whole or in part by the after-acquired evidence doctrine.

Respectfully submitted,

PNC GLOBAL INVESTMENT SERVICING
INC.

By its attorney,

*Maureen P. Fitzgerald*

Maureen P. Fitzgerald, Esquire
Identification No. 67608
Eckert Seamans Cherin & Mellott, LLC
105 East Evans Street, Suite D
P.O. Box 3086
West Chester, PA 19381
Telephone : 610-738-8850
Facsimile: 610-738-9121
Email: mfitzgerald@eckertseamans.com

Dated:  April 21, 2009

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the Defendant's Answer to the

Amended Complaint to be served upon the following attorney(s) of record by mail on

April 21, 2009:

> Mark E. Weinstein, Esquire
> One Northbrook Corporate Center
> 1210 Northbrook Drive, Suite 280
> Trevose, PA  19053

PRV 1010647.1

Maureen P. Fitzgerald, Esquire

-11-